CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 0 4 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PATRICIA MANN CHAMBERS,<br>Reg. No. 10457-084,<br>Petitioner, | |
| v. | Civil Action No. 7:05-cv-00138<br><br>**MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Patricia Chambers, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255. Petitioner asserts that her 2004 sentence for mail fraud should be vacated, and she should be resentenced in accordance with the principles set forth in *Blakely v. Washington*, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and *United States v. Booker*, 125 S. Ct. 738 (Jan. 12, 2005). The respondent has filed a response to petitioner's motion. The court notified petitioner of respondent's motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and warned petitioner that judgment might be granted for the respondent if she did not respond to the motion by filing affidavits or other documents contradicting the government's evidence or otherwise explaining her claims. Petitioner never responded. However, the time allotted for her response has expired, making the matter ripe for the court's consideration. Upon review of the record, the court grants the motion to dismiss.

I.

Patricia Mann Chambers pled guilty on April 22, 2004, pursuant to a plea agreement, to one count of mail fraud, in violation of 18 U.S.C. § 1341. The

1

agreement included a provision by which Chambers waived her right to bring any collateral attack pursuant to 28 U.S.C. § 2255. See Plea Agr. (PA) at ¶ 10. Provisions in the agreement also stipulated to the following sentencing factors under United States Sentencing Guidelines (USSG): petitioner's base offense level was 6, enhanced by 7 points because the loss exceeded $120,000, enhanced by 2 points because the offense involved more than minimal planning, enhanced by 2 points because the defendant abused a position of trust, and reduced by 3 points for acceptance of responsibility, for an adjusted offense level of 14. PA at ¶¶3-5. Chambers initialed every page of the plea agreement. During the plea hearing, the court questioned Chambers thoroughly about her education, her understanding of the proceeding, the constitutional rights she was waiving, the consequences of her guilty plea, and the specific stipulations and waivers included in the plea agreement. Tr. 4-22-04 at 5-17. As Chambers had a criminal history category of 1, her sentencing range was 15 to 21 months imprisonment. After conducting a sentencing hearing on July 23, 2004, the court sentenced Chambers to 21 months in prison. Tr. 7-23-04 at 20-21. She did not appeal.

Chambers executed this motion under § 2255 on March 1, 2005. She raises two grounds for relief:

1. Ineffective assistance of counsel for failing to argue at sentencing that pursuant to the Blakely opinion, issued just one month before the sentencing hearing, the facts on which the court enhanced petitioner's sentence must be proven beyond a reasonable doubt to a jury.

2

2. The court erred under Blakely in enhancing petitioner's sentence based on facts not found beyond a reasonable doubt by a jury.

## II.

The government argues that Chambers waived her right to bring any of her claims under §2255. The United States Court of Appeals for the Fourth Circuit has held that plea agreement provisions waiving the right to collaterally attack a conviction are valid, so long as the defendant voluntarily and knowingly enters the waiver. *United States v. LeMaster*, 403 F.3d 216 (4th Cir. Apr. 11, 2005). Whether the waiver is "knowing and intelligent" depends "upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should ... dismiss any §2255 motion that necessarily relies on allegations that contradict the sworn statements." *LeMaster*, 403 F.3d at 221-22. If a district court reviewing a § 2255 motion concludes that the petitioner entered a valid waiver of his right to bring a § 2255 action and that petitioner's habeas claims fall within the scope of that waiver, the court must dismiss the action without addressing the merits of those claims. See *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005) (discussing appeal waivers).

3

## III.

Upon review of the record, the court concludes that Chambers waived her right to bring this action. Chambers herself does not challenge the validity of her guilty plea, the plea agreement, or the stipulations or waivers included in that agreement. Moreover, the record reflects that she voluntarily and knowingly entered into the plea agreement, including its waiver and stipulation provisions. The record also reflects that Chambers received precisely the sentence for which she bargained in entering the plea agreement, and that sentence is well within the statutory maximum. As such, her sentencing claims fall squarely within the scope of her valid waiver of her right to bring this action challenging her sentence and are thus barred from habeas review under § 2255. *See also Blick*, 408 F.3d at 170 (rejecting argument that valid plea agreement before *Booker* could not have waived rights recognized in *Booker*). Accordingly, the court will enter an order this day granting the motion to dismiss.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This ___ day of October, 2005.

_____
Senior United States District Judge